1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7   STRIKE 3 HOLDINGS, LLC,                    Case No. 24-cv-06802-TSH

8              Plaintiff,

9        v.                                    **ORDER GRANTING EX-PARTE
                                               MOTION FOR LEAVE TO SERVE
10  JOHN DOE SUBSCRIBER ASSIGNED IP            THIRD PARTY SUBPOENA PRIOR TO
    ADDRESS 67.180.25.91,                      A RULE 26(F) CONFERENCE**

11             Defendant.                      Re: Dkt. No. 8

12

13

14        **THIS CAUSE** came before the Court upon Plaintiff's Ex-Parte Application for Leave to

15   Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, and the Court being duly advised

16   does **FIND, ORDER AND ADJUDGE**:

17        1. Plaintiff has established "good cause" exists to serve a third-party subpoena on the

18   internet service provider, Comcast Cable Communications, LLC (the "ISP"). *See UMG*

19   *Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. Sep. 3, 2008) (collecting cases); *Strike 3*

20   *Holdings, LLC v. Doe*, 2023 WL 6542326, at *2 (N.D. Cal. Sept. 22, 2023).

21        2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide the

22   true name and address of the Defendant to whom the ISP assigned an IP address as set forth on

23   Exhibit A to the Complaint.  Plaintiff shall attach a copy of this Order to the subpoena;

24        3. Plaintiff may also serve a Rule 45 subpoena in the same manner on any service provider

25   that is identified in response to a subpoena as a provider of Internet services to the Defendant;

26        4. If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5),[1] the ISP shall

27   _____

28   [1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable
     service over a cable system and directly or through one or more affiliates owns a significant

United States District Court
Northern District of California

comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order to the Defendant; and

5. **The ISP shall serve a copy of the subpoena and a copy of this order on the subscriber within 30 days of the date of service on the ISP.**  The ISP may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

6. Each subscriber and the ISP shall have **30 days** from the date of service upon him, her, or it to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If the 30-day period lapses without the subscriber contesting the subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that subscriber.

7. The ISP shall preserve all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final resolution of a timely filed motion to quash the subpoena with respect to such information.

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing its rights as set forth in the Complaint.  Plaintiff may not publicly disclose the information obtained based on this subpoena without leave of the Court—at least until the Doe defendant has had an opportunity to file a motion to proceed anonymously, or further discovery has been taken.  All references to Defendant's identity must be redacted and filed **UNDER SEAL** until further notice.

**IT IS SO ORDERED.**

Dated: October 29, 2024

THOMAS S. HIXSON
United States Magistrate Judge

interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."  47 U.S.C. § 522(5).
[2] "A cable operator may disclose such [personal identifying] information if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]"  47 U.S.C. § 551(c)(2)(B).

United States District Court
Northern District of California